UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY L. SMITHSON,

    Plaintiff,                      CIVIL ACTION NO. 06-CV-13998-DT

  v.                              DISTRICT JUDGE NANCY G. EDMUNDS
                                    MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\* \* \*

Plaintiff filed applications for Social Security Disability Insurance Benefits on August 14, 2003, and for Supplemental Security Income (SSI) benefits on June 29, 2005, alleging that she had been disabled and unable to work since December 5, 2001, at age 43, due to severe back and neck pain. Benefits were denied by the Social Security Administration (SSA). A requested <u>de novo</u> hearing was held on September 20, 2005, before Administrative Law Judge (ALJ) Peter Valentino. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work. The ALJ restricted the claimant to simple, unskilled clerical jobs that did not require using her upper extremities for overhead activities. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary

Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 47 years old at the time of the administrative hearing. She had earned the equivalent of a high school education, and had been employed as an ambulance driver, customer service clerk and airline gate agent (TR 90-95, 281). As an ambulance driver, Plaintiff had to be on her feet for a majority of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 50 pounds on a regular basis (TR 91). Claimant stopped working in December 2001, after injuring her back and neck in an automobile accident (TR 130).

Plaintiff alleged that she was disabled as a result of radiating back and neck pain. Despite undergoing a cervical diskectomy and fusion in May 2004 (TR 218), Plaintiff doubted that she could return to work due to back/neck pain and extreme fatigue (TR 288-289). The claimant spent most of her time at home caring for her seven year old grandson (TR 279). She home-schooled the child because he suffered from asthma (TR 280, 284). His asthma attacks often resulted in emergency room visits (TR 282).

A medical expert, Dr. Malcolm Brahms, testified that the claimant's back and neck impairment did not meet or equal the Listing of Impairments (TR 274). The doctor added that the neck and back pain restricted Plaintiff to light work that did not require using her upper extremities for overhead activities (TR 294). Plaintiff was said to be able to lift up to twenty pounds without restriction (TR 294).

A Vocational Expert, Michele Robb, classified Plaintiff's past work as medium to heavy, skilled and unskilled activity (TR 298, 302). The witness testified that there would

not be any jobs for claimant to perform if her testimony were fully accepted[1] (TR 304). If she were capable of light work, however, there were numerous office clerk, telephone operator, informational clerk and bookkeeping jobs that she could still perform with minimal vocational adjustment (TR 304). These simple, routine jobs would not require using her upper extremities for overhead activities (TR 304).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of degenerative disc disease affecting her back and neck, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's back and neck pain prevented her from working at jobs requiring the use of her upper extremities for overhead activities. The Law Judge nevertheless found that Ms. Jones retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See

---

[1] The witness testified that claimant's alleged inability to concentrate on simple one and two step tasks would preclude all work activity (TR 304).

**3**

Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of light work activity.  She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of her joint pain.

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits.  Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985).  Where, as here, the claimant alleges

disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain. Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003 (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work that did not require the use of her upper extremities for overhead activities. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling back and neck pain. Despite her complaints of chronic cervical spine pain, objective clinical studies performed by Dr. Steven Harwood, claimant's treating physician, showed normal neurological and motor function in her upper extremities (TR 163-167, 175, 232-236, 242). In a residual functional capacity evaluation, Dr. Harwood stated that Plaintiff should not lift more than 10 pounds, or use her arms above shoulder level. He opined that she should avoid neck flexion and extension, and abstain from prolonged driving (TR 166).

Other examining physicians similarly found predominately unremarkable neurological and motor signs (TR 150, 160-161, 237, 240). Furthermore, an EMG and a nerve conduction velocity study revealed no evidence of radiculopathy, plexopathy or neuropathy (TR 161). Following the May 2004 fusion of her cervical spine (TR 218), Plaintiff exhibited full motor strength, normal reflexes and a normal gait (TR 237). Dr, Geoffrey Thomas, the treating surgeon, reported in June 2004 that Plaintiff was doing well. The doctor recommended that she begin working on exercises to improve her neck motion,

5

but he cautioned that she should avoid pushing and pulling with her arms (TR 237). Three months later, Dr. Harwood reported that Plaintiff did not suffer from any neurological or motor deficits and that her gait was normal (TR 236). Cervical range of motion had improved to 60 percent of normal, and Plaintiff was no longer robotic in her movements (TR 236).

While Plaintiff alleged that her back and neck pain interfered with her memory and ability to concentrate, she indicated that she was able to provided full time care for her small grandson as well as perform all household chores (TR 82-83, 279, 285). The claimant also remains capable of driving (TR 284). The ability to engage in such activities stands in sharp contrast to Plaintiff's allegation that she suffered from a complete inability to concentrate, and undermines any suggestion that she was totally disabled by severe joint pain.

When evaluating Plaintiff's residual physical and mental functional capacity, the Law Judge also took into consideration the opinion of the medical advisor and a state agency consultant[2], who concluded that the claimant could perform a restricted range of light work, despite her joint pain (TR 182-188, 294). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from her back and neck pain were not fully credible.

Plaintiff asserts that the medical and vocational experts' testimony was unreliable because her representative at the administrative hearing was not offered an opportunity to challenge their respective qualifications before they testified (Plaintiff's Brief in Support of

---

[2]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2006).

**6**

Summary Judgment at p. 17). The claimant's representative was not precluded from objecting to their qualifications or questioning the experts. The representative questioned the medical witness, and simply chose not to pose any questions to the vocational expert. Indeed, both the Plaintiff and her representative frequently interjected information and asked questions throughout the hearing (TR 265-277, 295, 298, 300). While Plaintiff may no longer be happy with the work performed by her representative, there is nothing in the record suggesting that the ALJ did anything to prevent the full development of the claims and relevant evidence.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that she suffered severe side effects from pain medications, or that she needed to rest frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by restricting her to simple, routine jobs that did not require any overhead reaching with her upper extremities.

Plaintiff relies heavily upon the fact that Dr. Harwood changed his mind in December 2004, and found her to be totally disabled (TR 231, 234). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Harwood offered little objective evidence to support his

modified statement of disability[3], his opinion need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with

---

[3]The ALJ rejected the doctor's more recent opinion, setting forth persuasive reasons for doing so. The ALJ expressed concern about the lack of medical documentation to support his new opinion. As the Law Judge observed, most of the objective clinical findings of record were rather benign (TR 22, referring to TR 150, 160-161, 163-167, 175, 232-237, 240, 242) Indeed, it appears the doctor changed his mind regarding the ability to work primarily on Plaintiff's subjective complaints, rather than the objective medical evidence.

**8**

her significant impairments[4], the Vocational Expert testified that there were numerous unskilled office clerk, telephone operator, information clerk and bookkeeping jobs that she could still perform with minimal vocational adjustment (TR 304). These simple, routine jobs did not require any overhead work (TR 304). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and

---

[4]Contrary to Plaintiff's assertion, the Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described her moderate postural limitations. The VE testified that the 23,500 clerical positions did not require any overhead work (TR 304). The Sixth Circuit recently held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments. The fact that the ALJ did not ask the vocational expert whether her testimony was consistent with the information contained in the Dictionary of Occupational Titles (D.O.T.) was harmless error in light of the evidence that she retained the ability to perform light work activity.

9

Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                            s/Donald A. Scheer  
                                            DONALD A. SCHEER  
                                            UNITED STATES MAGISTRATE JUDGE

DATED: March 8, 2007

_____

### CERTIFICATE OF SERVICE

I hereby certify on March 8, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 8, 2007. **None.**

                                            s/Michael E. Lang  
                                            Deputy Clerk to  
                                            Magistrate Judge Donald A. Scheer  
                                            (313) 234-5217